UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JAVIER CARRILLO PAYAN,
TDCJ-CID NO. 02430555,

    Petitioner,

v.                                                    No. 4:25-cv-1284-P

DIRECTOR, TDCJ-CID,

    Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Javier Carrillo Payan under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## BACKGROUND

Petitioner is serving a term of imprisonment of 45 years following his conviction for continuous sexual abuse of a child under fourteen years of age in Cause No. 1736815R in the 297th District Court, Tarrant County, Texas. ECF No. 17-24 at 9–12. The Second District Court of Appeals of Texas affirmed the conviction and denied rehearing. *Payan v. State*, No. 02-23-00011-CR, 2024 WL 193718 (Tex. App.—Fort Worth Feb. 18, 2024, pet. ref'd). The Court of Criminal Appeals of Texas ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 17-23.

On March 20, 2025, Petitioner filed a state application for writ of habeas corpus. ECF No. 17-24 at 15–164. On October 16, 2025, the CCA denied the petition without written order on the findings of the trial court and on the CCA's own independent review of the record. ECF No. 17-28.

## GROUNDS OF THE PETITION

Petitioner timely filed his federal habeas petition. He alleges four grounds in support. First, he was denied his right to a speedy trial. ECF

No. 1 at 5, 17–18.[1] Second, he received ineffective assistance because counsel failed to assert his speedy trial right. *Id.* at 7, 20–23. Third, counsel rendered ineffective assistance due to a conflict of interest. *Id.* at 8, 26–26. And, fourth, counsel rendered ineffective assistance in failing to adequately investigate and present witnesses. *Id.* at 10, 28–30.

## STANDARDS OF REVIEW

### A.    Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*,

---

[1] The references to the petition are to "Page __ of 32" reflected at the top right portion of the document on the Court's electronic filing system.

356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## B.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland*

standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Petitioner complains that his speedy-trial right was violated. ECF No. 1 at 5, 17–18; ECF No. 12 at 7–12. A court considers four factors when assessing a speedy-trial claim: (1) the length of the delay, (2) the reason for the delay, (3) assertion of the right, and (4) prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The triggering mechanism for the inquiry is the length of the delay. *Id.* For the purposes of calculating delay, a defendant's speedy trial right attaches at the time of arrest or indictment, whichever comes first. *Amos v. Thornton*, 646 F.3d 199, 206 (5th Cir. 2011). A delay of more than one year between arrest or indictment and trial triggers the *Barker* analysis. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993).

Petitioner raised this ground on appeal and the Texas appellate court thoroughly considered the *Barker* factors and concluded that Petitioner's speedy-trial right was not violated. *Payan v. State*, 2024 WL 193718, at *1–*3. In reviewing a state court's application of the *Barker* factors, the Court's substantial deference to the state court is "at an apex." *Russell v. Denmark*, 68 F.4th 252, 262 (5th Cir. 2023). Even if the Court disagrees with the state court's weighing of individual *Barker* factors, and it does not, reversal is required only if the state court's ultimate conclusion is objectively unreasonable and contrary to law. *Id.*, 68 F.4th at 262–63. Petitioner has not met his burden to show that such is the case. *See Harrington*, 562 U.S. at 103 (petitioner must show that the state court's ruling was "so lacking in justification that there was an

4

error well understood and comprehended in existing law beyond any possibility of fairminded disagreement").[2]

In his second, third, and fourth grounds, Petitioner argues that he received ineffective assistance of counsel. ECF No. 1 at 7–10, 19–30; ECF No. 12 at 12–25. These grounds were raised in the state habeas application and denied. The trial court made extensive findings of fact, ECF No. 17-24 at 332–44, 391. Petitioner has not rebutted the presumed correctness of the fact findings by clear and convincing evidence. *Hill*, 210 F.3d at 486. Nor has he shown that the state courts' application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101. He is not entitled to a hearing for this Court to reweigh credibility choices of the state court, as he seems to contend. ECF No. 24 at 6–9.

With regard to Petitioner's second ground, the state courts concluded that Petitioner's right to a speedy trial was not violated. Given that determination, counsel cannot have rendered ineffective assistance in failing to pursue an earlier motion for speedy trial. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (failure to pursue a meritless motion is not ineffective lawyering). And, in any event, the state habeas court found that counsels' actions with regard to Petitioner's request for a speedy trial amounted to sound trial strategy. Petitioner has not overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

With regard to Petitioner's third ground, that counsel were operating under a conflict of interest, he has not proven a conflict. To show a Sixth Amendment violation, Petitioner had the burden to show that his attorneys acted under the influence of an actual conflict and that such conflict adversely affected his representation. *Cuyler v. Sullivan*, 446

---

[2] In his reply, Petitioner attempts to make much out of a distinction between his actions and those of counsel. ECF No. 24 at 4–5. In this regard, the Court notes that for speedy trial purposes, it is not necessary that a defendant consent to a continuance sought by counsel. *See United States v. Robinson*, 67 F.4th 742, 749–50 (5th Cir. 2023). The Court further notes that Petitioner is mistaken in believing that the delay in his case gives rise to a presumption of prejudice. ECF No. 24 at 6. *See Goodrum v. Quarterman*, 547 F.3d 249, 260–61 (5th Cir. 2008) (discussing *Doggett v. United States*, 505 U.S. 647 (1992) and the presumption of prejudice).

U.S. 335, 348–49 (1980). A theoretical or speculative conflict is not enough; Petitioner must show that counsel was required to make a choice advancing his own interests to Petitioner's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Scott*, 65 F.3d 1258, 1277 (5th Cir. 1995) (en banc). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243. The state habeas court found that counsel did not perform or refrain from performing any action on behalf of Petitioner out of any self-interest due to nonpayment of fees. ECF No. 17-24 at 341–42. Petitioner has not rebutted the presumed correctness of the findings by clear and convincing evidence. *Hill*, 210 F.3d at 486.

With regard to the fourth ground, that counsel rendered ineffective assistance in failing to present exculpatory witnesses at trial, complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986). To prevail on an ineffective assistance of counsel claim based on failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). In this regard, Petitioner presented only the affidavit of one witness, Claudia Payan.[3] ECF No. 17-24 at 39–40. The state habeas court considered the affidavits presented by Petitioner and Respondent and again determined that there was no merit to Petitioner's contentions. ECF No. 17-24 at 342–44. In particular, the court found that the decision not to present the witnesses in question was reasonable. *Id*. Again, Petitioner has not rebutted the presumed correctness of the fact findings by clear and convincing evidence. *Hill*, 210 F.3d at 486. Nor has he shown that the state courts'

---

[3] The record reflects that Petitioner submitted Claudia Payan's second affidavit after the findings of fact and conclusions of law had been entered. ECF No. 17-27 at 9; ECF No. 17-24 at 392. Claudia Payan's third affidavit was not signed until after the CCA denied the petition. ECF No. 12 at 119–22. Neither of these affidavits would have made any difference in the findings and conclusions. As the trial court found, the decision not to call Claudia Payan as a witness was a reasonable one. ECF No. 17-24 at 342–43.

application of the *Strickland* standard was unreasonable. *Harrington*, 562 U.S. at 101.

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**. Petitioner's motion for reconsideration of Rule 6 discovery motion is likewise **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **17th day** of **June 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

7